

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00293-CR

---

JESUS BRIONES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the Criminal District Court Number 4
Tarrant County, Texas
Trial Court No. 1534069D, Honorable Everett Young, Presiding

---

July 10, 2023

## MEMORANDUM OPINION[1]

### Before QUINN, C.J. and PARKER and YARBROUGH, JJ.

Jesus Briones appeals from his conviction for intoxicated manslaughter with a motor vehicle. Through one issue, he challenges the admission of a report depicting his blood alcohol concentration. Allegedly, admitting the document violated his constitutional

---

[1] Because this matter was transferred from the Second Court of Appeals, we apply its precedent when it conflicts with that of the Seventh Court of Appeals. TEX. R. APP. P. 41.3.

right to confront witnesses because the document's proponent was not the person who conducted the analysis. We affirm.

### *Background*

Appellant struck a disabled vehicle parked on the right shoulder of Interstate 30. Prior thereto, a witness saw him enter the interstate from the access road, swerve multiple times across each of the three lanes, and ultimately swerve from the inside lane across the others to strike the disabled vehicle at a high rate of speed. At trial, this same witness repeatedly described appellant as "drunk," "very drunk," or "highly inebriated" without objection from appellant.

Officers eventually arrived at the scene and administered field sobriety tests, several of which indicated intoxication. A sample of appellant's blood was also obtained through which his blood alcohol level was to be analyzed. Analysis revealed it to be .109. That report underlies appellant's sole issue at bar. Appellant sought its exclusion at trial because the State attempted to offer it through someone other than the analyst who actually tested the sample. This purportedly violated appellant's right to confront his witnesses.

### *Analysis*

We assume *arguendo* the presence of error. *See Paredes v. State*, 462 S.W.3d 510, 517 (Tex. Crim. App. 2015) (stating that the admission of a forensic lab report created solely by a non-testifying scientist violates the Confrontation Clause); *Downing v. State*, No. 02-19-00385-CR, 2020 Tex. App. LEXIS 7896, at *6–7 (Tex. App.—Fort Worth Oct. 1, 2020, no pet.) (mem. op., not designated for publication) (stating the same).

Instead, our focus lies on the presence of harm, if any, arising from the purported error. We find none.

A Confrontation Clause violation is subject to harmless error analysis. *Rubio v. State*, 241 S.W.3d 1, 3 (Tex. Crim. App. 2007); TEX. R. APP. P. 44.2(a). Under it, the judgment stands unless we determine beyond a reasonable doubt that the mistake did not contribute to appellant's conviction or punishment. *Id.* Performing that analysis entails consideration of various non-exclusive factors like: 1) the evidence's importance to the State's case; 2) whether the evidence was cumulative of other admissible evidence; 3) the presence or absence of evidence corroborating or contradicting the out-of-court statement, and 4) the overall strength of the State's case. *Martinez v. State,* No. 02-18-00447-CR, 2019 Tex. App. LEXIS 8680, at *17–18 (Tex. App.—Fort Worth Sept. 26, 2019, pet. ref'd) (mem. op., not designated for publication).

Next, to gain a conviction, the State was obligated to prove the accused caused the death of another by reason of intoxication. TEX. PENAL CODE ANN. § 49.08(a); *Ivory v. State*, No. 06-22-00037-CR, 2023 Tex. App. LEXIS 65, at *4 (Tex. App.—Texarkana Jan. 6, 2023, no pet.) (mem. op., not designated for publication). Intoxication may be established through various means. One consists of illustrating that appellant's ingestion of alcohol resulted in the loss of his normal mental or physical faculties; another involves tendering proof of a blood, breath, or urine alcohol concentration equal to or exceeding 0.08. *Kury v. State*, No. 02-19-00417-CR, 2021 Tex. App. LEXIS 3490, at *6 (Tex. App.—Fort Worth May 6, 2021, no pet.) (mem. op., not designated for publication). Here, the trial court submitted both modes of illustrating intoxication to the jury.

3

Furthermore, abundant evidence aside from the blood alcohol report revealed appellant to be intoxicated.  It included 1) a witness's description of appellant at the scene of the accident as "highly intoxicated" and "very drunk"; 2) appellant's swerving across multiple traffic lanes at 2 a.m. before the accident, 3) his colliding head-on with a parked vehicle on the highway's shoulder; 4) his colliding with the vehicle at a high rate of speed without engaging his brakes; 5) his "glossy" eyes; 6) his argumentativeness with the first witness who stopped to help; 7) his stumbling around, swaying, slurred speech, and "glazed over eyes," as perceived by a paramedic; 8) the odor of alcohol on his breath and person; 9) his failure to correctly identify the location of the vehicle he struck; 10) his confusion; 11) his showing four of six field sobriety test signs indicative of intoxication; and 12) his eventual admission to drinking a limited amount of alcohol.

Additionally, the report was not the focal point of the State's closing argument.  It appears that it spent more time discussing evidence illustrating appellant's lost use of his physical and mental faculties.

The foregoing circumstances lead us to conclude, beyond reasonable doubt, that admitting the report was not a contributing factor in the jury's deliberations.  *See Martinez*, 2019 Tex. App. LEXIS 8680, at *18 (describing this to be the pertinent question when assessing harm).  Thus, any error in admitting the report was harmless.

Overruling appellant's sole issue, we affirm the judgment of the trial court.


Brian Quinn
Chief Justice

Do not publish.

4